**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

DENISE SIERRA,

       Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

       Defendant.

Case No. 2:22-cv-630-JRK

## **OPINION AND ORDER**[2]

### **I.   Status**

Denise Sierra ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of lupus, Raynaud's disease,[3] depression, anxiety, and anemia.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed January 3, 2023; Reference Order (Doc. No. 15), entered January 4, 2023.

[3] Raynaud's disease "causes some areas of the body — such as fingers and toes — to feel numb and cold in response to cold temperatures or stress. In Raynaud's disease, smaller arteries that supply blood to the skin narrow." Mayo Clinic, Raynaud's disease, available at

(Continued…)

Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed January 3, 2023, at 118, 140, 284, 310, 323. Plaintiff protectively filed an application for SSI on July 1, 2020, alleging a disability onset date of April 18, 2019. Tr. at 258-68.[4] Plaintiff later amended her alleged disability onset date to July 1, 2020. Tr. at 18, 44-45, 277-78. The application was denied initially, Tr. at 117-37, 138, 156, 158, 159-62, 163-65, and upon reconsideration, Tr. at 139, 140-50, 170, 171, 173-74.[5]

On November 22, 2021, an Administrative Law Judge ("ALJ") held a telephonic hearing,[6] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 39-63. At the time, Plaintiff was thirty-six (36) years old. Tr. at 45. On December 29, 2021, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 18-32.

---

https://www.mayoclinic.org/diseases-conditions/raynauds-disease/symptoms-causes/syc-20363571#:~:text=Overview,areas%2C%20which%20is%20called%20vasospasm. (last visited Jan. 25, 2024).

[4] The SSI application was actually completed on July 8, 2020, Tr. at 258, but the protective filing date is listed elsewhere in the administrative transcript as July 1, 2020, Tr. at 118, 140.

[5] Some of these cited documents are duplicates.

[6] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 18, 42-43, 176-77.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 5-6 (Appeals Council exhibit list and order), 13-14 (request for review), 378-79 (brief). On August 8, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.[7] On October 3, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in: 1) evaluating the "erosion of [her] ability to perform sedentary work" when determining Plaintiff's residual functional capacity ("RFC"); and 2) failing "to develop the record" by not ordering another physical consultative examination. Plaintiff's Memorandum of Law (Doc. No. 17; "Pl.'s Mem."), filed March 6, 2023, at 14, 22 (emphasis and some capitalization omitted). On June 2, 2023, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). Then, as permitted, Plaintiff on July 5, 2023 filed Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Reply"). After a thorough review of the

---

[7] The administrative transcript also contains various decisions by ALJs and the Appeals Council on prior-filed applications. See, e.g., Tr. at 67-78, 85-87, 95-104, 111-14. Those decisions are not at issue here.

entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[8] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 20-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since July 1, 2020, the application date." Tr. at 20 (emphasis

---

[8] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lupus; Reynaud's disease; anemia; leukopenia; chronic kidney disease; cervicalgia; headaches, and obesity." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] lift and/or carry 10 pounds occasionally and 5 pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for two hours in an eight-hour workday; no operation of foot controls; permitted to stand and stretch after 30 minutes of work while being off task to one minute; occasional climbing of ramps or stairs but no climbing of ladders, ropes, or scaffolds; frequent balancing; occasional stooping, kneeling, and crouching; no crawling; frequent forward, lateral, and overhead reaching; frequent handling and fingering; must avoid concentrated exposure to extreme cold, extreme heat, and vibration; work environments of moderate noise as defined by SCO noise level III or less; and no exposure to hazardous machinery or unprotected heights.

Tr. at 25 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Grocery cashier," a "Security guard," and a "Sandwich maker." Tr. at 30 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("34 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony

and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 31 (emphasis and citations omitted), such as "Addresser," "Surveillance system monitor," and "Document preparer," Tr. at 31-32. The ALJ concluded Plaintiff "has not been under a disability . . . since July 1, 2020, the date the application was filed." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues two points of alleged error. They are addressed in turn.

### A.   RFC Finding

Plaintiff challenges the ALJ's evaluation of her RFC given the "erosion of [her] ability to perform sedentary work." Pl.'s Mem. at 14 (emphasis and some capitalization omitted); Reply at 1-2. Particularly, Plaintiff contends the ALJ's assigned RFC "fails to address the several demonstrated limitations arising from [Plaintiff's] severe impairments," those being restrictions in the use of her hands, Pl.'s Mem. at 15, 15-17; persistent fatigue and weakness, id. at 17-20; persistent headaches, id. at 20-21; and a likelihood that her lupus flares and other symptoms will cause excessive absences, id. at 21-22. Responding, Defendant contends that substantial evidence supports the ALJ's RFC finding because it properly accounts for Plaintiff's limitations and omits the allegations that are unsupported and/or contrary to the evidence. See Def.'s Mem. at 4-12.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Relevant here, Social Security Ruling ("SSR") 96-9P summarizes how the Administration addresses RFCs for less than the full range of sedentary work. SSR 96-9P, 1996 WL 374185. It states, "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.'" Id. at *1. Rather, "consideration must still be given to whether there is other work in the national economy that the individual is able to do," taking into account "age, education, and work experience." Id. According to SSR 96-9P, it "may be especially useful to consult a vocational

resource in order to make a judgment regarding the individual's ability to make an adjustment to other work." Id. at *7.

The ALJ in this matter assessed Plaintiff's RFC and then made detailed observations and findings supporting it. Tr. at 25-30. Overall, the ALJ found "the objective medical evidence demonstrates [Plaintiff] is capable of sedentary work activity consistent with [the RFC] including foot control limitations, a stand and stretch limitation, postural limitations, manipulative limitations, and environmental limitations." Tr. at 26.

In challenging the ALJ's findings, Plaintiff focuses on a number of her alleged symptoms and limitations that the ALJ elected not to include in the RFC. See Pl.'s Mem. at 15-22; Tr. at 25. The ALJ, however, specifically found Plaintiff's allegations "are inconsistent" given "imaging and testing with mild abnormal findings, generally stable findings on examination with 5/5 strength and normal gait, treatment history with medication and improvement after physical therapy, and activities of daily living including caring for children, driving, shopping, cleaning, and cooking." Tr. at 26. The ALJ then detailed the evidence supporting this finding. Tr. at 26-28.

Particularly regarding Plaintiff's use of her hands, she points to reports of joint pain in the record. Pl.'s Mem. at 16 (citations omitted). Plaintiff does not rely on any objective evidence showing she is unable to frequently handle and finger as the ALJ found. See id.; Tr. at 25. Plaintiff merely cites her testimony

- 9 -

that her fingers start to hurt five minutes after holding a book or writing or keyboarding, see Pl.'s Mem. at 16 (citing Tr. at 46), but the ALJ found Plaintiff's allegations to be inconsistent with the medical and other evidence to the extent Plaintiff's allegations conflict with the RFC, Tr. at 25.

Plaintiff next alleges the ALJ failed to incorporate her fatigue and weakness into the RFC. Pl.'s Mem. at 17-18. Plaintiff cites various records with diagnoses and notations of fatigue. Id. (citations omitted). The ALJ, however, specifically recognized allegations and occasional documentation of fatigue. Tr. at 28 (citations omitted). In the end, the ALJ found Plaintiff's "debilitating allegations are inconsistent with [her] generally stable treatment history with medication and supplementation when laboratories were low and improvement with physical therapy." Tr. at 28.[9]

Plaintiff also challenges the lack of inclusion of her persistent headaches in the RFC. Pl.'s Mem. at 20-21. The ALJ specifically recognized documented reports of headaches/migraines, Tr. at 27, 28, and diagnoses of cervicalgia, Tr. at 28 (citing Ex. C22F, located at Tr. at 1789-93). The ALJ found, though, that

---

[9] Plaintiff also disagrees with the ALJ's partial reliance on the December 2020 examination by Sunil Lalla, M.D., a consultative physical examiner. Pl.'s Mem. at 19-20; see Tr. at 26 (ALJ discussing Dr. Lalla's examination), 1412-21 (Dr. Lalla's report and range of motion findings). Relying on internet sites that are not included in the administrative transcript, Plaintiff contends Dr. Lalla has twice been sanctioned by the Florida Department of Health for providing substandard medical care. Pl.'s Mem. at 19. Plaintiff, however, had the opportunity to object to Dr. Lalla being the consultative examiner during the administrative process. She did not. Moreover, the ALJ did not rely solely on this report in formulating the RFC.

Plaintiff "reported improvement with her headaches due to medication and physical therapy." Tr. at 28. This finding is generally supported. See Tr. at 1789 (October 4, 2021 progress note stating, "Patient reports that her headaches are a little bit better"; Plaintiff's primary care provider "put her on fluticasone, which has seemed to help her headaches"; physical therapy "was also helpful"; Plaintiff was having headaches "on average twice weekly"; and Plaintiff had not tried fioricet which had been prescribed or obtained a shoulder harness that had been recommended). The ALJ noted also that Plaintiff's "neurologist recommended [Plaintiff] continue with exercises provided by physical therapy for chronic intractable headaches." Tr. at 28; see Tr. at 1793. Substantial evidence supports the ALJ's election not to assign a more restrictive RFC based on Plaintiff's headaches.

Plaintiff last argues that her lupus flares and other symptoms will cause excessive absences from employment, and that the ALJ failed to take this into account. Pl.'s Mem. at 21-22. In support, Plaintiff cites the diagnoses, the lack of a cure for lupus, and one treating physician's note in August 2020 that when the lupus flares, it could "possibly be months until her lupus becomes inactive again." Id. at 21-22 (citing Tr. at 476, 1578). The ALJ took into account Plaintiff's lupus and associated symptoms, including reported flareups. See Tr. at 27. The ALJ detailed the evidence and found Plaintiff's allegations to be "inconsistent with [Plaintiff's generally stable treatment history with

medication and supplementation when laboratories were low and improvement with physical therapy." Tr. at 28. Plaintiff does not point to evidence contrary to this finding or supportive that a flareup will actually cause excessive absenteeism.

In the end, Plaintiff essentially invites the Court to reweigh the evidence on the RFC determination, which this Court cannot do. Having reviewed the ALJ's findings and the record, the undersigned finds the RFC is supported by substantial evidence and need not be disturbed.

### B. Failure to Develop the Record

Plaintiff asserts the ALJ failed to develop the record by having insufficient consultative evidence on her physical impairments. Pl.'s Mem. at 22-23. Responding, Defendant argues the ALJ did not abrogate the duty to develop a full and fair record, and Plaintiff has failed to identify a record development error that warrants remand. Def.'s Mem. at 12-14.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the

claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

While "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281). To remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

Here, the ALJ considered sufficient consultative evidence, including the physical consultative examination and two non-examining physical opinions, in assessing the RFC. Tr. at 26, 29. Plaintiff disagrees with the Administration's use of the particular consultative examiner in this case, see Pl.'s Mem. at 22; Reply at 3-4, but the Court has already addressed Plaintiff's allegations in this regard and found they do not provide a basis for remand, see supra n.7. Moreover, Plaintiff has not demonstrated the required evidentiary gaps resulting in unfairness or clear prejudice.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 25, 2024.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record